BUSIGÓ, PLAINTIFF AND APPELLANT, *v.* JORDÁN ET AL., DEFENDANTS AND RESPONDENTS.

Appeal from the District Court of Mayagüez in an action of ejectment.

No. 988.—Decided April 17, 1914.

EJECTMENT—PLAINTIFF'S TITLE—EVIDENCE.—When, as in the present case, the plaintiff offers no document to prove the ownership of the house claimed, nor witnesses to the execution of such a document, and the defendant proves that the title to the property in controversy is recorded in his favor in the registry of property, it must be concluded that the proof of the plaintiff's title is insufficient.

ID.—WILL—EVIDENCE.—The fact that the ancestor of the plaintiff made reference to the property in litigation in his will as one of his properties, which

property was adjudicated to his wife and sold by her to the plaintiff, does not prove that the property really belonged to him when there is evidence to the contrary.

PRESCRIPTION—INTERRUPTION OF PRESCRIPTION—ADMISSION.—In order that an implied admission by a party who is in possession of the property in controversy, consisting in his having written letters to the plaintiff because he believed the representations of the plaintiff's agent to the effect that his principal was the owner of a sixth part of the property in question, may constitute an interruption of prescription, it is necessary that the writer of said letters have knowledge of the facts before he can be in a position to admit them so that the said admission may produce the effect of an interruption of the prescription.

EVIDENCE—UNCONTRADICTED TESTIMONY—REVERSAL OF JUDGMENT.—The fact that the testimony of a witness has not been contradicted is not sufficient ground for the reversal of a judgment unless his testimony is strong and convincing.

ID.—ACT OF OWNERSHIP BY PLAINTIFF.—The fact that the husband of the plaintiff demanded that the defendant vacate the house in controversy is not alone sufficient to prove that the plaintiff was the owner of the property, for said act is consistent with a tenancy contract between the defendant and the plaintiff.

PRESCRIPTION.—It was held that the evidence introduced in this case showed that the defendants also acquired their title to the property in controversy by a prescription of more than thirty years.

The facts are stated in the opinion.

Mr. *Herminio Díaz Navarro* for the appellant.

Mr. *José G. Torres* for the respondents.

Mr. Augusto Malaret appeared *pro se.*

MR. JUSTICE WOLF delivered the opinion of the court.

In this case the object of the complaint was that the court should declare that the complainant was entitled to the ownership of a sixth part of a house in Betances Street in Sabana Grande, Porto Rico, as described in the complaint.

The defendants in their answer admitted some of the facts, denied others, and as new matter set up that the house in litigation had been possessed by its original owners, Esteban Malaret and his wife, Reparada Anglada, since before the year 1859, and from that time on by their son, Pedro Malaret Anglada, along with his wife and children, *bona fide,* without interruption, quietly and pacifically, in the concept of owners; that the action had prescribed by virtue of section 1864 of the Revised Civil Code and the corresponding sections of the previous codes, and that the defendants had

acquired a good title by a prescription of more than thirty years.

The District Court of Mayagüez, in its opinion, found that the defendants, by reason of a certificate of dominion issued by the same court, had recorded their title in the registry of property as acquired by inheritance from Esteban Malaret, and in the application for such certificate there was testimony showing the quiet, public, pacific and uninterrupted possession by the defendants and their ancestor, Pedro Malaret Anglada. The court below, in its opinion, also found that there was no satisfactory proof of the title by which Sebastián Busigó, the father of the complainant, acquired the alleged sixth interest in the land in question; that there was no document to show it, nor witnesses of the execution of such document. We agree with the court in its conclusion and think the evidence offered to show such title was inadequate.

The appellant principally rested her case on admissions made by Doctor Pedro Malaret, one of the defendants, and on other admissions.·

There was sufficient proof that the death of Busigó Pou, father of the complainant, occurred about the year 1877, as well as of the fact that in his will he made reference, among other properties owned by him, to the sixth part of a house, the same being adjudicated to his wife, from whom the plaintiff derived it, one half thereof by inheritance and the other half by purchase from her brother, Luis Busigó. This, however, does not positively show that either he or his heirs were the owners of said sixth part of the house.

The court, in its opinion, found that Esteban Malaret built the house in question in 1853; that it was recorded in his name from that time in the tax-schedules at the office of the Municipal Collector of Taxes in Sabana Grande, from 1864 in the name of Pedro Malaret Anglada and later in the name of the latter's estate, as well as that the same was

always possessed by them in a quiet, public and peaceful manner as owners.

The court goes on to show that as Sebastián Busigó died in 1877 or before, any deed made to him must be dated before that time and that the first judicial claim for the house was made on February 8, 1910, when the complainant opposed the granting of the certificate of dominion. Between these two dates there is a period of more than thirty-two years. The court proceeds to consider whether there were any interruptions to this period. This alleged interruption is founded on several letters. Some of them were written by Rosa Jordán de Malaret and we agree with the court that these letters have nothing to do with the case, inasmuch as that of May 9, 1897, which was addressed to Mr. Gaztambide, makes reference to the fact that it would be impossible for her to ask Mr. Acevedo to give up the lease of the house in view of the fact that he had always paid her the rents in advance and she would be unable to make any arrangements with him until the month of June, but she promised him that said Acevedo would disoccupy the house as soon as he could get another place to which to move his store; and in the letter of February 16, 1910, addressed to Mr. Gaztambide Busigó, she only said that, having heard of the paper filed by him in opposition to her dominion title proceedings, she and her children were ready to hear his contentions. The principal reliance is on two letters written by Dr. Pedro Malaret wherein he treats with the complainant or her agents with respect to the purchase of the one-sixth interest alleged to be owned by her, or of the sale by the owners of the five-sixths interest to the complainant. Of his authority to speak for the other defendants there is no proof. However, he is offered as a witness of the complainant herself and his credibility is thus vouched for. He was not otherwise known to be mistaken, nor is there any inherent improbability in his statements. He explained that he wrote the letters to the agents of the complainant because they represented their

principal as being the owner of a one-sixth interest in the house in question and that he believed their representations, but without any special knowledge of the fact of the alleged ownership of the complainant; that he had just returned from his medical studies and was not well acquainted with his father's affairs. An admission to constitute an interruption must be made by a person who is acquainted with the facts. It cannot arise out of a mere disposition to treat with the persons who claim the right to a piece of property whose representations are believed. He testified that he had no knowledge of the facts and hence he was not in a position to admit them.

The court goes on to consider some other alleged admissions but the court did not believe such statements.

We have in the main followed the opinion of the court below. In her brief the appellant attempts to justify the acquisition of a title by Busigó Pou by the admissions of various defendants, by the statement made in the will of Mr. Busigó Pou and because his widow was given the said sixth part. Certainly these statements did not prove the title and the admissions were not satisfactory to the lower court nor are they satisfactory to us to show the existence of a title previous to the year 1877 from which the title of the plaintiff was derived. The statement of the witness Gaztambide relates to some offer of compromise communicated to him by Pedro Malaret Anglada. The statements of Emiliano Nazario are too vague and indefinite, and, as we have seen, the court gave no credence to these and other statements. It is not sufficient ground to reverse a judgment merely because a witness is uncontradicted, unless his testimony is strong and convincing. There was some evidence offered by the witness Gaztambide and others to the effect that the complainant was an owner in common with the defendants and exercised acts of dominion over the house. The strongest point in this evidence is that Gaztambide, the husband of the complainant, requested that the house be disoccupied

so that he might occupy it and that the defendant, Rosa Jordán, then acquiesced. But this statement is perfectly consistent with a tenancy on the part of Gaztambide and does not prove the ownership of the wife. A complainant in reivindication or the like must show proof of a stronger character.

Hence we hold, along with the court below, that the complainant did not show her title, and that even though there are indications of the possibility of such title in the record the defendants acquired a good one by a prescription of more than thirty years.

The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.